## CIRCUIT COURT OF FAIRFAX COUNTY

MCL Systems Limited

v.

CDA Investment Technologies, Inc.

June 18, 1996

Case No. (Chancery) 142820

BY JUDGE JACK B. STEVENS

This matter has been under advisement by the Court upon Complainant's Motion to Overrule Defendant's Objection to Jurisdiction. After consideration of the matter, the Court denies Complainant's Motion and sustains Defendant's Objection.

The Court does not find that the Defendant has had sufficient contacts with Virginia in connection with the agreement at issue in this case to confer personal jurisdiction over the Defendant on the Court, even taking into account the facts recited in the Affidavit of Mr. Swami Muthuvelu, Complainant's President.

The Agreement was executed in Maryland, and the expectations of the parties at the time of the Agreement were that all performance under the Agreement would take place in Maryland. This case is distinguishable from *English & Smith v. Metzger*, 901 F.2d 36 (4th Cir. 1990), and *Peanut Corp. of Am. v. Hollywood Brands, Inc.*, 696 F.2d 314 (4th Cir. 1982), cases cited by Complainant. In each of these cases, modification letters that became part of the previous contracts had been addressed to and received by Defendant or Defendant's agent in Virginia, there had been telephonic communications with parties located in Virginia, and "numerous written communiques" between the parties had also been sent to and received in Virginia.

In this case, although performance of the Agreement in Complainant's McLean, Virginia, offices was later requested by Defendant, the evidence presented is not sufficient for the Court to determine that Defendant's request constituted a modification of the basic Agreement, or that suffi-

cient contracting occurred in Virginia to establish a basis for personal jurisdiction. Additionally, by comparison to the numerous communications set forth in both the *English & Smith* and *Peanut Corp.* cases, the two meetings between the parties that did occur in Virginia are, as Defendant asserts, "unremarkable contacts." Without more, the two meetings are thus insufficient to subject Defendant to the jurisdiction of this Court.